UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUDY J. SCHMELZINGER, as
Executrix of the Estate
Of ROBERT J. CLOSS

        Plaintiff,                 **COMPLAINT IN A CIVIL CASE**

                                                Case Number:

v.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT
CLAYTON P. REED,
MICHAEL HEALY,
CAITLIN HIDINGER,
MICHAEL ROSS,
ELLEN TAYLOR,
JUDITH BIGELOW,
Lt. MICHAEL LONG,
Lt. PATRICK MORROW, and
Capt. ROBERT LEE

        Defendants.

## STATEMENT OF PARTIES, JURISDICTION, VENUE AND NATURE OF CASE

1. Plaintiff, JUDY J. SCHMELZINGER, is the duly appointed, qualified and acting Executrix of the estate of ROBERT J. CLOSS, who died in the manner alleged below on March 30, 2019.

2. The ROBERT J. CLOSS resided in Erie County, State of New York.

3. Plaintiff resides in Erie County, State of New York.

4. The Estate is formed under the jurisdiction of Erie County Surrogate's Court.

5. Defendant, CITY OF BUFFALO is a municipal entity located in the County of Erie, State of New York.

6. Defendant, BUFFALO POLICE DEPARTMENT, is a department and division of municipal entity CITY OF BUFFALO, located in Erie County, State of New York.

7. Defendants, CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, are employees/agents/police officers employed by Defendants, CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT, and are residents of the City of Buffalo, County of Erie, and State of New York.

8. The action arises out of acts, omissions, negligence, and/or recklessness, violation of the Civil Rights belonging to ROBERT J. CLOSS by Defendants in Erie County, within the Western District of New York. The basis of jurisdiction in Federal Court is that the United States government is a party to the action (28 U.S.C. § 1346-b).

9. The Western District of New York is the proper venue for this action in that the Plaintiffs reside, and the act or omission in question occurred in the 17 westernmost counties of New York State (28 U.S.C. § 1402-b).

10. The nature of this suit is a personal injury claim for damages suffered by the Plaintiff, JUDY J. SCHMELZINGER, as Executrix of the Estate of Robert J. Closs, as a result of the conduct by the Defendants, their agents/employees in the Course of their employment, when they used excessive force and merciless beat a seventy-eight (78) year old man causing him to die of blunt force trauma in violation of his civil rights.

11. Specifically, the force was so excessive, that upon information and belief, nine officers participated in "the arrest"; to wit: Defendants, CLAYTON P. REED, MICHAEL

HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE.

## CONDITIONS PRECEDENT

12. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS

13. At all times relevant herein, decedent, ROBERT J. CLOSS was a resident of the County of Erie and State of New York.

14. At all times relevant herein, Plaintiff, JUDY J. SCHMELZINGER, was and is a resident of the County of Erie and State of New York.

15. That upon information and belief, Defendant, CITY OF BUFFALO is a municipal entity within the County of Erie and State of New York. Upon information and belief, CITY OF BUFFALO has a department entitled BUFFALO POLICE DEPARTMENT when they pulled over Mr. Closs, pulled him out of a police vehicle on South Park Avenue, and then proceeded to physically beat up a seventy-eight (78) year old man.

16. Upon information and belief, ROBERT J. CLOSS was well known to the BUFFALO POLICE DEPARTMENT and its employees/agents as a citizen of the City of Buffalo with mental health problems.

17. On March 6, 2019, agents/employees of the Defendant, BUFFALO POLICE DEPARTMENT, while acting within the scope of their employment as Police Officers, caused personal injuries to ROBERT J. CLOSS resulting in his death which occurred on March 30, 2019.

18. Decedent was arrested by Defendants, CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, who were acting in the

course and scope of their employment as Police Officers, Lieutenants, and Captain for the CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT. They arrested him for leaving the scene of an accident with injury, unlawful possession of stolen property.

19. Defendants, CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, used unreasonable, unnecessary, and excessive force during the arrest of decedent. Specifically, after they removed the seventy-eight (78) year old ROBERT J. CLOSS from the vehicle and were able to arrest him, the multiple officers arresting him caused so much internal injury in the form of blunt force trauma, that this was the cause of his death. They had nine (9) officers present while ROBERT J. CLOSS was successfully pulled from the car, with no knowledge of any potential weapon, and used such excessive force that it killed him.

20. The unreasonable, unnecessary, and excessive force used by Defendants, CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, caused decedent's death.

21. ROBERT J. CLOSS suffered substantial and material injuries. To wit blunt force trauma resulting in internal injuries resulting in his death.

22. At the time of the arrest, Defendants, CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, were acting under color of the laws and regulations of the State of New York and the CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT.

23. Upon information and belief, CITY OF BUFFALO and the BUFFALO POLICE DEPATMENT has a policy and/or custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals; to wit, tolerating misconduct by its police officers, and encouraging misconduct by failing to adequately supervise, discipline or train.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, IN THEIR INDIVIDUAL CAPACITY; VIOLATION OF 42 U.S.C. § 1983

24. Plaintiff repeats and realleges Paragraphs one through twenty-three as if more fully set out herein.

25. The officers use of unreasonable, unnecessary, and excessive force violated decedent's clearly established constitutional rights and was not objectively reasonable in light of the circumstances.

26. The officers, CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, acted willfully, deliberately, maliciously, or with reckless disregard for decedent's established constitutional rights.

27. As stated, *supra*, they used such excessive force from multiple officers, upon a seventy-eight (78) year old man, that it resulted in his death by causing blunt force trauma resulting in internal injuries. There were no allegations of weapons being involved and there were nine officers who were present when ROBERT J. CLOSS was arrested.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, IN THEIR INDIVIDUAL CAPACITY: NEGLIGENCE

28. Plaintiff repeats and realleges paragraphs one through twenty-seven, as if more fully set out herein.

29. Individual defendants were negligent, careless, with their interactions with ROBERT J. CLOSS.

30. ROBERT J. CLOSS was a seventy-eight (78) year old man, who, was susceptible to injuries as a result of force used by the individual Defendants.

31. Individual Defendants had a duty to not injure others with excessive use of force.

32. They breached said duty when they used force that was so excessive, that it caused blunt force trauma resulting in death to the decedent.

33. Upon information and belief, careless, recklessness and negligence in injuring the decedent was not within the scope of employment.

34. Their negligence and use of excessive force was the direct and substantial factor that caused decedent's injury and death.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST CLAYTON P. REED, MICHAEL HEALY, CAITLIN HIDINGER, MICHAEL ROSS, ELLEN TAYLOR, JUDITH BIGELOW, Lt. MICHAEL LONG, Lt. PATRICK MORROW, and Capt. ROBERT LEE, IN THEIR INDIVIDUAL CAPACITY: UNINTENTIONAL CONSEQUENCES OF AN INTENTIONAL ACT

35. Plaintiff repeats and realleges paragraphs one through thirty-four as if more fully set out herein.

36. Individual Defendants intentionally hit and struck ROBERT J. CLOSS and assaulted him without his consent.

37. Upon information and belief, the intentional assaulting of decedent was not within the scope of employment.

38. Upon information and belief, the individual Defendants attempted to subdue decedent and they did not intend to cause decedent's death.

39. The unintentional result that occurred to their intentional acts was the blunt force trauma that caused his death.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST CITY OF BUFFALO AND BUFFALO POLICE DEPARTMENT: EXCESSIVE FORCE IN VIOLAITON OF 42 U.S.C. § 1982

40. Plaintiff repeats and realleges paragraphs one through thirty-nine as if more fully set out herein.

41. CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT's policy or custom enabled its agents and employees to act with deliberate indifference to decedent's constitutional rights as stated above.

### DAMAGES

42. As a direct and proximate result of the Defendants' actions, decedent suffered blunt force trauma that resulted in his injuries, physical pain and suffering, and ultimately death.

### ATTORNEY'S FEES AND COSTS

43. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C §1988(b).

### JURY TRIAL DEMAND

44. Plaintiff demands a jury trial on all issues so triable.

## PRAYER

45. For these reasons, plaintiff asks for judgment against defendant for the following.

   i. Actual damages of $1,000,000.00.

   ii. Punitive damages of $3,000,000.00

   iii. Reasonable attorney's fees.

   iv. Costs of suit

   v. All other and further relief the Court deems appropriate.


DATED:    Buffalo, New York
          March 7, 2022

JOSHUA I. RAMOS, ESQ.
**RAMOS & RAMOS**
*Attorneys for Plaintiffs*
37 Franklin Street, Suite 1100
Buffalo, New York 14202
(716) 810-6140