UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
================================

JUDY J. SCHMELZINGER, as Executrix
of the Estate of ROBERT J. CLOSS,

           Plaintiff,

v.

CITY OF BUFFALO, et al.

           Defendants.
================================

**ANSWER**

22-cv-186-CCR

Jury Trial Demanded

      Defendants, by their undersigned attorney, for their answer to plaintiff's complaint, upon information and belief allege:

      1.     Lack knowledge or information sufficient to admit or deny the allegations in paragraphs 1, 2, 3, 4, 7, 9, 10, 11, 13, 14, 16, 17, 18, 19, 21, 22, 27, 30, 31, 33, 36, 37, 38 and 39.

      2.     Answering paragraphs 5, 6 and 15, admit that the City of Buffalo is a municipal corporation organized and existing under the laws of the State of New York, admit that the Buffalo Police Department is an administrative arm of the City of Buffalo, and lack knowledge or information sufficient to admit or deny the rest of the allegations.

      3.     Deny the allegations in paragraphs 8, 12, 20, 23, 25, 26, 29, 32, 34, 41, 42, 43 and 45.

      4.     Repeat and reallege the answers to the allegations in paragraphs 24, 28, 35 and 40.

      5.     Admit the allegations in paragraphs 44.

6. Deny each and every allegation or part thereof not specifically answered herein.

## FIRST DEFENSE

7. The decedent's damages, if any, must be reduced in proportion to his own culpable conduct, pursuant to CPLR 1411.

## SECOND DEFENSE

8. Any damages that could have been avoided or mitigated are not recoverable.

## THIRD DEFENSE

9. Any damages must be reduced by the amount that has been received, or will with reasonable certainty be received from collateral sources, pursuant to CPLR 4545, if applicable.

## FOURTH DEFENSE

10. Defendants will claim an offset pursuant to General Obligations Law §15-108, if applicable.

## FIFTH DEFENSE

11. Defendants will claim the benefit of the limited liability provisions under Article 16 of the CPLR, if applicable.

## SIXTH DEFENSE

12. Plaintiff may have failed to join all necessary parties.

## SEVENTH DEFENSE

13. In the event that plaintiff does recover against defendants, defendants will request that an apportionment of fault be made as to all parties and non-parties

legally responsible for the damages alleged in the complaint, and will further request a judgment or declaration of indemnification or contribution against all those parties or non-parties in accordance with the apportionment of fault.

## EIGHTH DEFENSE

14. Defendants are protected from liability by the doctrine of qualified immunity.

## NINTH DEFENSE

15. Defendants are protected from liability by the doctrine of governmental function immunity.

## TENTH DEFENSE

16. The complaint may be barred, in whole or in part, by the existence of probable cause or arguable probable cause.

## ELEVENTH DEFENSE

17. The complaint may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

## TWELFTH DEFENSE

18. The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## THIRTEENTH DEFENSE

19. Any use of force against decedent was justified under the circumstances.

## FOURTEENTH DEFENSE

20. Personal jurisdiction may be lacking over the individually named defendant-members of the Buffalo Police Department.

## FIFTEENTH DEFENSE

21. The complaint may be barred, in whole or in part, by the applicable statute(s) of limitation.

## SIXTEENTH DEFENSE

22. Plaintiff may lack standing to maintain this action.

## SEVENTEENTH DEFENSE

23. Recovery is precluded for damages that are the direct result of decedent's active participation in a serious criminal act.

## EIGHTEENTH DEFENSE

24. Defendants did not cause decedent's injuries.

## NINETEENTH DEFENSE

25. Defendants owed decedent no special duty of care.

## TWENTIETH DEFENSE

26. The complaint is barred, in whole or in part, by plaintiff's failure to serve a notice of claim.

**WHEREFORE**, defendants request judgment dismissing the complaint, together with the costs of this action including reasonable attorney's fees, and any additional relief the court deems appropriate.

Dated:  Buffalo, New York
        March 30, 2022

Yours, etc.,

Cavette A. Chambers
Corporation Counsel
Attorney for Defendants

By: s/David M. Lee
Assistant Corporation Counsel
City of Buffalo Dept. of Law
65 Niagara Sq., 1104 City Hall
Buffalo, New York 14202
(716) 851-9691
dlee@city-buffalo.com

To: Joshua I. Ramos, Esq.
     Ramos & Ramos
     Attorneys for Plaintiff
     37 franklin Street, Suite 1100
     Buffalo, New York 14202
     (716) 810-6140